[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S MOTION FOR CONTEMPT — POST JUDGMENT AMENDED (138)
The defendant's motion alleges six contempts:
 "1) That the plaintiff, SCOTT R. ALLEN, has failed to fully comply with the Court Order dated January 19, 1996, CT Page 14084 requiring the plaintiff to pay alimony of $4000.00 per month to the defendant for the period of January 1, 1998 to date."
This disagreement arises from the court's decision of January 19, 1996 (#130) entered on the granting of plaintiff's motion for modification (#127) of "the existing alimony and child support orders downward". The orders sought to be modified are found in the separation agreement dated April 30, 1991 and incorporated by reference in the judgment entered that date. Quoting therefrom:
 2.11 Commencing as of May 25, 1991, the Husband shall pay to the Wife, as unallocated alimony and support, the following sums, which shall be payable on the 25th of each month: a) the sum of $6,250.00 per month; b) on November 9, 1997, said unallocated alimony and support shall be reduced to $5,750.00 per month; c) on July 29, 1999, said unallocated alimony and support shall be reduced to $5,250.00 per month; d) on January 23, 2003 said unallocated alimony and support shall be reduced to $4,750.00 per month; e) alimony in the amount of $4,750.00 per month shall continue to be paid until May 25, 2003 after which it shall cease entirely. The child support guidelines shall be inapplicable.
The modification entered on January 19, 1996, reducing the unallocated order to $4,000 monthly replaced paragraph 2.11 completely. The step downs were eliminated.
The plaintiff became obligated to pay $4,000 monthly.
The last sentence of the opinion refers to paragraph 2.13 and 2.14 wherein the parties allocated certain expenses 75%/25% and characterized the plaintiff's payments to the defendant as additional alimony as well as additional alimony to be paid on additional income.
The court finds no basis for the plaintiff's claim that the "step downs" are still viable.
2. The dispute over the plaintiff's alleged failure to provide tax returns or W-2 forms is understood by the court to be resolved.
3. This allegation is disposed of by the ruling on the first allegation supra. CT Page 14085
"4. That the plaintiff, Scott R. Allen, has an arrearage of approximately $35,000 for the period prior to December 31, 1995."
The amount was later refined to $34,917, (Defendant's Exhibit A). The plaintiff agreed with the defendant's arithmetic but relies on the last sentence in 2.14 "In no event shall husband's alimony and support obligation on an annual basis ever exceed $85,000.00".
The problem arises from a modification agreement dated April 4, 1994 entered on defendant's motion for modification (#118) which provided:
 Commencing 9-1-94 the wife shall be entitled to the dependency exemption for the minor child, Grant. The parties will share the following expenses on an 80% (Husband), 20% (Wife) basis:
(a) Private school tuition for Jared and Brett
(b) Room and board for Jared
 (c) Laundry, books, school trips and school store charges
(d) Necessary transportation for Brett
(e) Dental expenses for minor children.
There is no reference to Article II of the separation agreement. Subparagraphs (a), (b), (c) and (d) are entirely new and do not modify anything in the original agreement. Subparagraph (l) modifies 4.4 of the agreement. The initial item concerning Grant's dependency exemption modifies 9.2 of the agreement.
These obligations assumed by the parties on a 80%/20% basis are found to be in addition to and not in lieu of Article II. The $85,000 cap applies to Article II. This conclusion is consistent with the structure of the agreement's articles TV, V, and VI.
This plaintiff is therefore liable for the undertakings added to the judgment on April 4, 1994. The cap of $85,000 does not limit the obligations.
"5. That the plaintiff, Scott R. Allen, has not paid his CT Page 14086 required contribution to private school for Brett for the months of October, November and December, 1996."
Brett was enrolled in Cedu, a boarding school in California in January, 1995 where he remained until December, 1996. Pursuant to the judgment as modified the parties shared the Cedu expenses 80/20 for 1995 and for the nine months in 1996. The defendant paid all the school's charges for the remaining three months of 1996 for a total of $9,300. The plaintiff's share is $7,440 which the defendant advanced.
"6. That the plaintiff Scott R. Allen, has failed to make payments of additional alimony to the defendant pursuant to paragraphs 2.13 and 2.14 of the Separation Agreement dated April 30, 1991."
The defendant never provided the plaintiff with a claim for a contribution toward the increase in real estate taxes until October 12, 1999 when her lawyer, as part of his final argument, filed a "Summary of Arrears as per Evidentiary Hearing". The court declines to act on this claim and elects to allow the plaintiff a reasonable opportunity to examine the claim.
The additional alimony due pursuant to 2.14 for 1995, 1996 and 1997, if the court determines they are payable, is $9,000. The sum is determined to be due and payable.
The plaintiff has raised the defense of laches. The court finds no change in the plaintiffs position caused by relying on or due to the delay in presenting the tax bills.
The court has accepted the defendant's interpretation of the judgment. The plaintiff's interpretation is not frivolous. The court makes this observation because contempt can be found only where the order is crystal clear, entitled to only one interpretation, and the party charged is wilfully refusing to comply. Therefore, the court cannot find the plaintiff in contempt.
The court finds that the plaintiff owes the defendant the following sums.
1. $34,917 for 1995
2. $9,000 for 1995, 1996 and 1997 CT Page 14087
3. $7,440 for Brett's Tuition for October, November and December, 1996
 4. $6,000 1998 alimony _________ $57,357 Total arrearage
The court defers a finding on the real estate tax claim of $10,926 as well as the defendant's request for attorney's fees.
The court orders another hearing since the plaintiff's present circumstances are such that a structured payment schedule is necessary. The file is ordered to be put on the Short Calendar for Monday, November 15, 199.
HARRIGAN, J.